489 P.2d 1179

Rodney L. RINDELS et al., Plaintiffs-Appellants,

v.

The PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA, INC., and Dottie Rindels, Defendants-Appellees.

No. 9248.

Supreme Court of New Mexico.

Oct. 22, 1971.

Jack L. Love, John V. Coan, Albuquerque, for appellants.

Gallagher & Ruud, John Hogan Stewart, Albuquerque, for Dottie Rindels.

White, Gilbert, Koch, Kelly & McCarthy, Santa Fe, for Prudential Life Ins. Co.

OPINION

MONTOYA, Justice.

Plaintiffs, Rodney Rindels and Bonnie Rindels, as mother and next friend of Ricky L. Rindels, Louise R. Rindels and Linda R. Davis, hereinafter referred to as plaintiffs, brought this action in the District Court of Valencia County against defendants, Prudential Life Insurance Company of America, hereinafter referred to as "Prudential," and Dottie Rindels, hereinafter referred to as the defendant, seeking a declaration as to the rights of the parties in certain life insurance proceeds written upon the life of Ray Rindels. Upon stipulated facts, the trial court decided that the plaintiffs were not entitled to any of the proceeds of the insurance policy. From that adverse judgment, plaintiffs appeal.

The decedent Ray Rindels and Bonnie Rindels were divorced on August 25, 1965. The final decree approved a stipulated settlement executed by the parties on July 16, 1965, which contained the provision that:

"Defendant [Ray Rindels] * * * shall maintain his present life insurance policy and/or policies setting out the minor children as beneficiaries thereunder."

The minor children referred to in the decree were plaintiffs Rodney L., Ricky L., Louise R. and Linda R. Rindels. At the time of the divorce, Ray Rindels was employed by Homestake-Sapin Partners. In connection with his employment with Homestake-Sapin, Ray Rindels received coverage in a group life insurance policy written by Equitable Life Assurance Society. Under this plan, the employer provided $3,000 in coverage and, pursuant to an option, Ray Rindels purchased an additional $2,000 in coverage. This $5,000 policy was the only life insurance in effect upon the life of Ray Rindels at the time of the divorce decree.

Ray Rindels married defendant Dottie Rindels on September 3, 1965. On August 9, 1966, Ray Rindels ended his employment with Homestake-Sapin and his group life insurance policy automatically terminated. Shortly thereafter, Ray Rindels was employed by Kerr-McGee Oil Industries, Inc., and on November 22, 1966, he became insured in the amount of $12,000 under an employee group life policy written by Prudential. Ray Rindels named his wife defendant Dottie Rindels as beneficiary under the Prudential policy.

Ray Rindels died on March 20, 1969, survived by defendant and two minor children by that marriage. On March 27, 1969, the attorney for plaintiffs notified Prudential that plaintiffs claimed $5,000 of the $12,000 insurance proceeds from the group policy held by Ray Rindels at the time of his death.

Plaintiffs claim that, by reason of the settlement agreement between Ray Rindels and Bonnie Rindels incorporated in the divorce decree of August 25, 1965, plaintiffs acquired an equitable interest in the original Equitable Life Assurance policy that could not be defeated by the subsequent change of employers, group life insurance policies and beneficiaries. Plaintiffs ask this court to follow the equitable maxim that "equity regards as done what ought to be done" and that the equitable interest of the children in $5,000 of the $12,000 policy should be decreed. In the alternative, plaintiffs ask that this court impress a constructive trust in the amount of $5,000 on the proceeds received by defendant for the benefit of plaintiffs.

Plaintiffs argue that, at the time Ray Rindels was issued the second policy as a result of his employment with Kerr-McGee, he was obligated by the terms of the divorce decree to name the plaintiffs as beneficiaries. This he did not do. Plaintiffs contend that they acquired an equitable interest in the first policy by reason of the provision in the divorce decree, and that this equitable interest attached to the second policy. Therefore, when Ray Rindels died, plaintiffs claim that $5,000 of the proceeds of the second policy should rightfully belong to them by virtue of their equitable interest.

In support of their position, plaintiffs rely heavily upon Dixon v. Dixon, 184 So. 2d 478 (Dist.Ct.App.Fla.1966), aff'd 194 So.2d 897 (1967). In that case, the decedent had entered into a settlement agreement requiring decedent to maintain and keep current with his employment any and all policies on his life made payable to the minor children of the parties to the divorce. Subsequently, when the employers changed underwriters, decedent attempted to name his brother as beneficiary of the substituted policies. The court held that the attempted change was ineffective because, under the terms of the settlement agreement, decedent had surrendered the essential incidents of ownership of the policies.

The Dixon case, supra, is clearly distinguishable from our own. In the instant case, there was no attempt to change bene-

ficiaries of the policy referred to in the divorce decree. Ray Rindels' original policy was terminated automatically when he ceased his employment with Homestake-Sapin. Almost one-hundred days later, Ray Rindels obtained the second policy as an incident to his new employment with Kerr-McGee. The second policy was obtained as a result of his employment with a different employer, and was written by another insurance company; whereas, in the Dixon case, supra, there was only a change in the underwriter issuing the employer's group life plan. In addition, the Dixon case, supra, is distinguishable by the terms of the Florida court's own opinion, which stated, 184 So.2d at 480:

> " * * * The policies here [of decedent] could not be allowed to lapse (except by the insured's leaving his employment), and were required to be made and kept payable to his son * * *."

In the instant case, Ray Rindels left his employment with Homestake-Sapin and the insurance coverage in effect at the date of the divorce decree was terminated.

More in point is Lock v. Lock, 8 Ariz. App. 138, 444 P.2d 163 (1968). In that case, decedent agreed with his first wife, by a property settlement agreement incorporated in the divorce decree, to maintain life insurance payable to a trust for the benefit of his minor children. The property settlement agreement did not refer to any specific policy. In compliance with the agreement, decedent took out a policy; however, the policy was allowed to lapse. Decedent subsequently remarried, naming his second wife as beneficiary of certain other policies. One question facing the court was whether, by the terms of the settlement and decree, the minor children obtained an absolute vested right in the proceeds of all insurance upon the decedent's life.

The Arizona court held that the decedent, by taking out the policy, had complied with the terms of the divorce decree. It also held that decedent breached the agreement incorporated in the decree by allowing the policy to lapse. When the policy lapsed, the interest of the minor children also lapsed, and their remedy was a cause of action against the estate of the decedent, rather than a cause of action based upon other insurance policies on decedent's life.

In Lock, supra, the Arizona court also considered the question whether a constructive trust should be impressed for the benefit of the minor children. The court decided that, in the absence of a finding of fraud by the trial court and such finding being supported by the weight of the evidence, the appellate court could not impress a constructive trust.

Nothing in the record in the instant case indicates plaintiffs alleged that Ray Rindels fraudulently terminated the first policy in an attempt to defeat the rights of plaintiffs. Therefore, this court will not impose a constructive trust on the proceeds of the Prudential policy for the benefit of plaintiffs.

This court is in accord with the foregoing decision of the Arizona court in Lock, supra. Any rights that plaintiffs had in Ray Rindels' first policy ceased to exist when he left the employ of Homestake-Sapin.

It, therefore, follows that plaintiff's contentions are without merit and the judgment of the trial court is affirmed.

It is so ordered.

McMANUS and STEPHENSON, JJ., concur.