Donna Sue DOSSETT, by next friend, Martha Ella DOSSETT, and Regina Dossett McGill, Plaintiffs/Appellants,

v.

Carolyn DOSSETT, Defendant/Appellee.

Supreme Court of Tennessee, at Knoxville.

June 2, 1986.

Stanley G. Emert, Jr., Watson & Emert, Knoxville, for plaintiffs/appellants.

Terry M. Basista, Jacksboro, for defendant/appellee.

OPINION

HARBISON, Justice.

This suit involves a claim for the proceeds of a group life insurance policy. The action was instituted by or on behalf of the children of the insured following his accidental death. Their claim is based upon the provisions of a divorce decree under the terms of which their father was required to maintain a policy upon his life with the children designated as beneficiaries. Insofar as the record shows, the children never were named beneficiaries of the policy. Their father remarried shortly after the divorce was granted and within six weeks he changed the beneficiary to his second wife, appellee here.

The Chancellor held that the interest of the children in the policy was vested by reason of the divorce decree, that the attempted change of beneficiary was without effect, and that the proceeds of the policy should go to the children.

The Court of Appeals reversed. It held that the wording of the divorce decree and of the property settlement upon which it was based was vague and indefinite, that no policy had been introduced in evidence, and that there was insufficient proof that the one policy which the deceased held was the one referred to in the divorce decree.

We reverse and reinstate the judgment of the Chancellor.

The case was tried upon a very brief stipulation of fact supported by some exhibits, all of which are in the record. No testimony was taken either orally or by deposition. The stipulation itself is interlined in several places, and handwritten insertions and additions appear thereon.

In copying the stipulation in its opinion the Court of Appeals failed to take note of

some of the interlining, and it omitted reference to some stipulated material and to one of the exhibits.

Martha E. Dossett and the insured, Roger Allen Dossett, were married on June 29, 1960. They were divorced by decree of the Chancery Court of Campbell County entered on November 21, 1978. They were the parents of two children, Donna Sue Dossett, who was born in 1966 and Regina Beth Dossett, who was born in 1964. When the present suit was brought, the last-named daughter had married, and she is the appellant Regina Dossett McGill.

The entire record of the divorce proceedings was filed as an exhibit to the stipulation in the present case. It contained a property settlement agreement which had been executed by the husband and wife and which was substantially incorporated into the decree, although the decree itself made no specific reference thereto. Martha E. Dossett was awarded a divorce and custody of the minor children. There were provisions for visitation and support and a division of the property between the parents. The husband was ordered to maintain a hospitalization and major medical insurance policy upon the minor children until they reached their eighteenth birthday and was required to be responsible for fifty percent of any uninsured medical, dental, hospital or optical expenses incurred by them.

The decree further provided:

"7. That the defendant is required to maintain a $20,000.00 life insurance policy upon his life and with the minor children of the marriage designated as the beneficiaries of said policy."

The stipulation filed in the present case states that at the time of the divorce in 1978 Mr. Dossett held only one known life insurance policy. Certain information concerning that policy was originally typed into the stipulation, but this was stricken through and instead alterations were made in handwriting, so that the portion of the stipulation actually presented in the appellate record is as follows:

"4. At the time of the divorce in 1978, the Decedent held one known life insur-

ance policy. The policy was instituted on April 1, 1976. Stipulate Policy. OK. (Exhibit C) Neither party knew at the time of divorce what the value of the policy was."

In copying the stipulation, the Court of Appeals failed to note some of these alterations and stated in its opinion:

"The policy is not presented in the record."

In this, we believe that the Court of Appeals was mistaken. There appears in the appellate record, labeled "Ex C," a pamphlet entitled "Group Insurance Plan for the Employees of the State of Tennessee." It explains the terms and provisions of a group life insurance policy and of the other benefits provided for the employees of the State. The stipulation states that this group policy was the only known life insurance of the decedent at the time of the divorce and that benefits payable thereunder had been deposited in the Chancery Court of Campbell County for disbursement in accordance with the order of the court. Attached as an exhibit to the stipulation was a letter of transmittal from the insurance carrier.

The document, "Exhibit C," is not actually a policy of insurance but it obviously was regarded as such by the parties and was stipulated to constitute a "policy." Such a pamphlet and a certificate are usually all that are furnished to an employee under a group insurance plan. The pamphlet describes in detail hospital and medical benefits provided by the State as self-insurer through an administrator and then describes life insurance benefits provided under a master policy through Provident Life and Accident Insurance Company. That master policy itself has not been filed in the record. The pamphlet, published in 1980, was approved by the Tennessee State Insurance Committee.

It was stipulated that Martha E. Dossett, decedent's first wife, was the named beneficiary under this policy until December 27, 1978, a few weeks after the divorce. On that date the decedent effected a change in

the policy naming his second wife, Carolyn Dossett, as "the new beneficiary."

It was stipulated that Martha E. Dossett did not discover the failure of the decedent to maintain a $20,000 life insurance policy or any other policy for the benefit of the children until after his death. At the time of his death by accidental drowning on November 28, 1982, the older child had reached her majority, but it was stipulated that neither of the children knew anything about the decedent's policies of insurance.

A document labeled "Ex B," dated March 10, 1983, appears in the record, being a letter from the Provident Life and Accident Insurance Company to the Clerk and Master of the Chancery Court. The letter states:

> "In accordance with agreed order, enclosed is our draft for $75,928.80 payable to you as Clerk and Master of Campbell County, Tennessee.
>
> "This draft represents $25,928.80 group life benefit and $50,000 special accident benefit for the death of Roger Dossett on November 28, 1982."

The terms and provisions of the stipulated pamphlet, with respect to the life insurance features, show that an accidental death benefit was provided for employees in the amount of $50,000 if they had earnings of $17,500 but less than $20,000. The policy also provided primary life insurance of $25,000 for employees in the same earnings bracket. In view of the amount paid into the chancery court, therefore, it is obvious that Mr. Dossett was earning between $17,500 and $20,000 at the time of his death, and that some interest had accrued upon the policy proceeds between the date of death on November 28, 1982 and the date of payment, March 10, 1983.

The group policy also provided that for employees earning between $12,500 and $15,000, the primary life insurance benefit was $19,000. For employees earning between $15,000 and $17,500, the basic life insurance benefit was $22,000.

From all of these facts, the Chancellor found that this group policy carried by the insured was that which was referred to in the divorce decree and was that in which it was intended that the minor children be designated beneficiaries.

The evidence clearly supports this conclusion. It certainly does not preponderate otherwise. We are unable to agree with the statement of the Court of Appeals that the policy was not in the record or that "... it cannot be lawfully concluded that the policy in question is the one mentioned in the agreement of (sic) the divorce decree."

In our opinion it would be difficult to conclude that the policy described in Exhibit C was not the one referred to in the divorce decree. It was stipulated that this was the only policy known by any of the parties to have been carried by the deceased. The decree referred to a $20,000 policy. Neither party seems to have ascertained from the State of Tennessee what the exact earnings of the deceased were in 1978, when the divorce was granted, but according to the policy if his earnings were in the range of $12,500 to $17,500, his life insurance under this group policy would have been either $19,000 or $22,000.

It thus appears that the deceased did have in force at the time of the decree a life insurance policy in the approximate amount of $20,000. He agreed to maintain this policy for the benefit of his minor children. There is no indication that their interest was to terminate upon their attaining majority, as was expressly provided with respect to hospitalization and major medical insurance.

The benefits of the policy increased with the earnings of the insured. Assuming the normal pay increases generally granted to state employees annually, it appears that the earnings of the insured had increased sufficiently between 1978 and 1982 to raise the primary life insurance benefit to $25,000.

The trial of a case such as this on a brief and garbled stipulation is undesirable. The facts concerning the earnings of the deceased could surely have been ascertained

with a minimum of research or investigation. The stipulation itself could and should have been re-typed and cleared of interlineations and deletions. Nevertheless in our opinion the great preponderance of the evidence supports the conclusion of the Chancellor that this state group life insurance policy was that referred to in the divorce proceedings. We are unable to agree with the conclusion of the Court of Appeals that the provisions of the divorce decree were vague or that they might refer to some other policy to be purchased, so as to deny the children the benefit of the policy which was in force on the life of their father at the time of the divorce and which was in fact the only policy which he had then or subsequently.

■ In *Herrington v. Boatright*, 633 S.W.2d 781 (Tenn.App.1982), the Court of Appeals enforced the provisions of a property settlement agreement which required:

"5) *Insurance:* Husband shall keep his life insurance in effect and shall keep Wife as the beneficiary so long as they are married or if they should divorce, so long as she is not remarried." 633 S.W.2d at 782.

The agreement did not refer to any policy by name or amount. In fact the husband carried three policies of insurance: two group polices with commercial companies and an individual policy with the Veterans Administration. The Court of Appeals held that the agreement would be enforced with respect to the group policies, but that federal law prohibited its enforcement with respect to the National Service Life Insurance policy. An attempt by the husband to change the beneficiary on the group policies after the divorce was held ineffective. In the course of its opinion the Court said:

"Where the right to change the beneficiary has been reserved to the insured, the beneficiary named in the policy has a mere expectancy and has no vested right or interest in the policy. However,

where a divorce decree requires the husband to keep a life insurance policy in effect and denies him the right to change the beneficiary, then the wife as the named beneficiary has a vested interest in the policy. *Goodrich, supra.*[1] Should the husband then attempt to change the beneficiary, the wife may assert her vested right.

"The defendant argues that the property settlement agreement is vague and unenforceable because it does not refer to specific policies of insurance. This argument is totally defective because the normal meaning of the words 'shall keep his life insurance in effect' pertains to all his life insurance in effect at that time and does not require a listing of the policies by company, number and amount. The defendant also argues that group life insurance differs from ordinary life insurance. We can not follow this insistence to any degree where the only issue is who shall receive the proceeds of the two group policies issued by Equitable and Union Central." 633 S.W.2d at 783.

Under the stipulated facts of this case, we perceive no significant difference between the provision of the property settlement agreement in *Herrington, supra,* that the husband "shall keep his life insurance in effect and shall keep Wife as the beneficiary" and that in the divorce decree in the present case where the husband "is required to maintain a $20,000 life insurance policy upon his life and with the minor children of the marriage designated as the beneficiaries of said policy."

There is no contention that the accidental death benefit in this case represented a separate policy from the primary group life insurance benefits. Therefore, in our opinion, the children of the deceased were the beneficiaries of the entire policy proceeds. The subsequent attempt of the insured, *ex parte* and without court approval, to

**1.** *Goodrich v. Massachusetts Mutual Life Insurance Co.*, 34 Tenn.App. 516, 240 S.W.2d 263 (1951).

change the beneficiary to his second wife was ineffectual.

The judgment of the Court of Appeals is reversed. The judgment of the Chancellor is reinstated. Costs of the proceedings will be paid out of the funds on deposit in the Chancery Court. The cause will be remanded to that court for any further proceedings which may be necessary.

BROCK, C.J., and FONES, DROWOTA and COOPER, JJ.

