IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 29, 2001Session

STEVEN MALLORY HULL, v. SUSAN ELIZABETH HOUSLEY HULL
and GARTH EDDY

Direct Appeal from the Chancery Court for Jefferson County
No. 95-081    Hon. O. Duane Slone, Judge

FILED MAY 8, 2001

No. E2000-02696-COA-R3-CV

In this action to recover proceeds on life insurance policies required by a divorce decree for the children, the Trial Judge held the children were entitled to the proceeds, rather than the beneficiary named in the policies. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Johnny V. Dunaway, LaFollette, Tennessee, for Appellant, Garth Eddy.

James R. Scroggins, Jefferson City, Tennessee, for Appellee Steven Mallory Hull, and Jeffrey L. Jones, Dandridge, Tennessee, Guardian Ad Litem

**OPINION**

In this action to enforce the terms of a marriage dissolution agreement incorporated in the plaintiff's Divorce Decree, the Court ordered proceeds of life insurance policies taken out by plaintiff's former wife and naming her then husband beneficiary, paid over for the minor children.

The deceased's husband, beneficiary, Garth Eddy, had been made a party to the action and has appealed to this Court.

Plaintiff and deceased, Susan Hull, were divorced in June of 1996. The Divorce Decree ordered joint custody of their two children, and neither spouse was required to pay the other child support. The decree incorporated a marital dissolution agreement which stated, in pertinent part:

> **Life Insurance** - The husband shall maintain a life insurance policy for each child until each child is twenty-four years of age. He shall provide to the wife a statement documenting his insurance coverage in force, and the wife shall maintain life insurance for each child in an amount equal to that amount maintained by the husband. She shall likewise provide documentation of the coverage.

Approximately five months after the parties' divorce, deceased married the appellant, and subsequently obtained employment which provided her with life insurances and employee benefits, i.e., a life insurance policy in the amount of $50,000.00 and a second policy provided death benefits of $50,000.00. The appellant was designated as beneficiary on each of those policies. At the time of the divorce, the deceased had two policies of life insurance through State Farm, which were not addressed in the Marriage Dissolution Agreement. The coverage continued and deceased subsequently designated the two children as beneficiaries, and the benefits from those policies were $67,000.00.

On September 21, 1997, deceased was killed in a one-car accident, and plaintiff, after qualifying as administrator of his former wife's estate, brought this action against appellant, beneficiary, of the policies.

Appellant insists that there is no subject matter jurisdiction permitting the Trial Court to entertain this action. We cannot agree. Essentially, appellant argues the provision requiring the parties to carry life insurance was not a part of the decree which is enforceable. The Trial Court concluded he could enforce the decree under the authority of *Holt v. Holt*, 995 S.W.2d 68 (Tenn. 1999). We believe *Holt* controls on this issue. In *Holt* the divorce decree incorporated the terms of a Marital Dissolution Agreement between the parties. The parties were given joint custody of the child, and the father was required to make child support payments. The MDA provided that the husband would maintain and keep in force a life insurance policy in the amount of $100,000.00 to secure his obligations as agreed in the settlement. It was agreed the child would be the irrevocable beneficiary of the policy, with the mother as trustee, and if any monies from the policies came into the mother's hands, that all proceeds remaining would be paid over to the child at age 25. In that case the father owned no insurance at the time of the decree. Subsequently, he obtained a policy but designated his mother as beneficiary. After his death an action was brought to enforce the final divorce decree. The *Holt* Court after reviewing Tennessee cases observed:

> These cases stand for the proposition that when a life insurance policy exists at the

time of the divorce decree, the mandated beneficiary of the divorce decree retains a vested interest in that policy in the event that the obligor spouse does not comply with the terms of the divorce decree.

*Id.* at p. 74.

The vested interest theory was recognized and explained in *Harrington v. Boatwright*, 633 S.W.2d 781 (Tenn. App. 1982), where the Court stated:

Where the right to change a beneficiary has been reserved to the insured. The beneficiary named in the policy has a mere expectancy and has no vested right or interest in the policy. However, where a divorce decree requires the husband to keep a life insurance policy in effect, and denies him the right to change the beneficiary, then the wife as the named beneficiary has a vested interest in the policy. *Goodrich*, *supra*. Should the husband then attempt to change the beneficiary, the wife may assert her vested right.

*Id.* at 783.

The *Holt* Court concluded that there was no significant difference between circumstances in which a life policy existed at the time of the divorce decree and a provision in the decree requiring one of the parties to maintain a life insurance policy, naming a child as a sole and irrevocable beneficiary. The Court concluded:

When Elliott Holt reaches age 25, the decree mandates that all proceeds be paid over to him. Furthermore, the terms of the decree are "binding upon and inure to the benefit of the parties . . . their personal representatives, heirs and assigns." We believe that the clear language of the divorce decree contemplates a continuous obligation which Elliott Holt should be provided for in the event of decedent's death. Thus, we find that the divorce decree creates in Elliott Holt a vested right to any life insurance policy obtained by the decedent that satisfies the mandate in the decree.

*Id.* at 77. In this case, since the Court approved a joint custodial arrangement, neither party was ordered to pay child support. But in reading the Agreement and Decree, it is clear that the insurance obligations were for the purpose of providing for the support and care of the children if either parent died or was killed. Accordingly, the Trial Court had subject matter jurisdiction to enforce the provisions of the Divorce Decree.

The provision for life insurance required the plaintiff to provide the deceased with a statement showing that he had procured life insurance for the children, in order for the wife to be obligated to acquire a like amount of insurance for the children. The Trial Court found that the wife was apprised of the coverage afforded by the husband, and the evidence does not preponderate against that finding. Tenn. R. App. P. Rule 13(d). The Trial Court expressly found the plaintiff's

testimony to be credible, and plaintiff testified that on August 26, 1997, he had received a letter from the deceased inquiring about cash values and other information about two of her policies which had been issued through his office.

He then testified on that date he wrote her, answering her questions about her policies, and over the objection of the defendant, testified that he advised her that he was carrying life insurance in the amount of $200,000.00 with the two children named as beneficiaries, and asked that she confirm to him that she had insurance for the children in an equal amount. He concluded by inviting her to meet with him at any time about the insurance matters.

He testified that deceased came to his office on August 28, 1997, and that certain changes were made relative to her existing policies which had been the subject of her inquiry. He further testified that the deceased's policies through his agencies were changed to the effect that her name was changed from Susan Hull to Susan Eddy and the beneficiary was changed, naming the beneficiaries the parties two children, with Charles Housley as Trustee.

Appellant insists that the Trial Court erred in permitting plaintiff to testify as to the contents of his letter to the deceased dated August 26, 1997, on the grounds that it was hearsay evidence and must be excluded. Rule 801(c) Tennessee Rules of Evidence defines hearsay as:

"Hearsay" is a statement, other than one made by the declarent while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

Plaintiff's testimony was clearly not hearsay because it was not offered to "prove the truth of the matter asserted". It was offered to show notice to deceased that plaintiff had acquired insurance, but not to prove that he actually had acquired the insurance. We find the issue to be without merit. *Also see* Tennessee Law of Evidence 3d Ed., Cohen, Sheppeard & Paine, Sec. 801.3.

Next, appellant argues that the Trial Judge admitted parol evidence to construe the agreement and the intent of the parties. We do not agree. The Trial Judge expressly stated that the agreement was not ambiguous and the evidence primarily complained of by appellant was offered to establish that the conditional requirement had been satisfied and was not offered to alter and did not alter the terms of the written agreement.

Appellant also raises as error the Trial Judge's admitting into evidence a draft of a proposed Marital Dissolution Agreement which was not signed by the parties and did not become a part of the Divorce Decree. We conclude this document is not relevant to the issues before the Court and should not have been admitted into evidence. We hold, however, this admission was harmless error to the outcome of this action, and no substantial right of the appellant was affected by admitting this evidence. *See* Tennessee Rules of Evidence, Rule 3, and Rule 36, Tenn. R. App. P.

In sum, we find that appellant was properly brought before the Court and the evidence established that plaintiff's children had a vested interest, by virtue of the Divorce Decree, in the

decedent's policies which had named appellant as beneficiary.

We affirm the judgment of the Trial Court and remand with the cost of the appeal assessed to the appellant, Garth Eddy.

_____
HERSCHEL PICKENS FRANKS, J.