Sam Ella WASHINGTON, Plaintiff-Appellant,

v.

Martha HICKS, Defendant and Third-Party Plaintiff-
Respondent,

AETNA LIFE & CASUALTY COMPANY, a foreign corporation,
Defendant,

Mae WASHINGTON, Personal Representative of the Estate
of LeRoy Washington, Deceased,
Third-Party Defendant.

Court of Appeals

*No. 81–2367. Submitted on briefs August 2, 1982.—
Decided September 3, 1982.*
(Also reported in 325 N.W.2d 68.)

For the plaintiff-appellant the cause was submitted on the briefs of *Wilson, Broadnax & Owens* by *John R. Broadnax,* of Milwaukee.

For the defendant and third-party plaintiff-respondent, Martha Hicks, the cause was submitted on the brief of *Schnellbaecher* and *Van Wagenen* by *Gerritt J. Van Wagenen,* of Milwaukee.

Before Decker, C. J., Moser, P. J. and Wedemeyer, J.

WEDEMEYER, J. This is an appeal from a judgment awarding Sam Ella Washington (Washington) $10,800, plus accrued interest, and awarding Martha Hicks (Hicks) $26,200, plus accrued interest, from proceeds of a group life insurance policy insuring the life of LeRoy Washington (LeRoy). We affirm.

Washington and LeRoy were married on August 27, 1938. They were divorced on June 22, 1961. The divorce judgment required LeRoy to keep his life insurance in effect and to maintain Washington as the beneficiary of the policy. At the time of the divorce, the only life insurance policy LeRoy carried was a group life insurance policy provided by his employer, Allis-Chalmers. The death benefit at the time of the divorce was $5,400.

On January 2, 1977, LeRoy changed the beneficiary on this group life policy to Hicks, contrary to the divorce judgment. LeRoy died from a fall at work on October 24, 1980. At the time of LeRoy's death, the death benefit of the group life policy was $18,500. A double indemnity clause in the group life contract increased the benefit to $37,000. Washington appeals the trial court's conclusion that she was entitled only to the value of the group life benefit ($5,400) plus an equal amount from the double indemnity clause.

Washington argues four issues: (1) whether res judicata barred the trial court from dividing the proceeds from the group life contract; (2) whether the increased value of the group life contract was distributed to Washington under the provisions of the divorce decree; (3) whether equity bars Hicks from receiving any share of the life insurance proceeds; and (4) whether Hicks failed to prove the existence of another life insurance contract.

Washington's first argument is not relevant to a logical disposition of this case. By union contract with Allis-Chalmers, the value of the group life contract was increased subsequent to the divorce judgment. The divorce judgment by its terms did not anticipate or provide for an increase in insurance benefits, and therefore, no rights to the enhanced value accrued to Washington.

Washington's second argument attacks the trial court's reliance on *Bloomer v. Bloomer,* 84 Wis. 2d 124, 267 N.W.2d 235 (1978). *Bloomer* held that contributions to a pension fund made after a divorce would not be assets of the marital estate. *Id.* at 127–28 n. 1, 267 N.W.2d at 237 n. 1. The trial court found in the present case that the subsequent contributions to the group life policy would, as in *Bloomer,* not be assets of the marital estate. We find no error of law by the trial court in analogizing *Bloomer* to the present case.

In response to Washington's argument that equity bars Hicks from sharing in the life insurance proceeds, the Wisconsin Supreme Court has stated:

Where divorce judgments have required the husband to carry a stated amount of life insurance for the benefit of his wife and children but the only policy in existence at the time of the husband's death is in excess of that stated amount and payable to a third party, courts of

other jurisdictions have directed the beneficiary to pay an amount from the proceeds equal to the amount set forth in the divorce judgment. *See, e.g., White v. Michigan Life Insurance Company,* 43 Mich. App. 653, 204 N.W.2d 772 (1972); *Nielsen v. Nielsen,* 535 Pac. 2d 1239 (Utah 1975). In these cases what is, in effect, a constructive trust, has been imposed on a larger fund to the extent required by the divorce judgment. *Prince v. Bryant,* 87 Wis. 2d 662, 673–74, 275 N.W.2d 676, 681 (1979) (dictum).

We are in accord with the reasoning in *Prince* and we agree with the trial court's finding that equity does not bar Hicks from retaining some of the proceeds.

Washington's last argument is that Hicks failed to prove an affirmative defense. The trial court found that Hicks had indeed not proved her affirmative defense. This argument is thus not relevant to the disposition of this case.

Hicks argues that the trial court erred by presuming the group life policy in 1961 contained a double indemnity clause. While the existence of this presumption is debatable, Hicks waived appellate review of this issue by failing to cross-appeal. Sec. 809.10, Stats. For the same reason, Hick's argument that she be allowed to seek contribution from the estate is likewise waived.

*By the Court.*—Judgment affirmed.