OPINION
HILL, Justice.
This appeal involves a claim by the ex-wife and children of Franklin Welker, who is deceased, to the proceeds of an insurance policy of which they were to be beneficiaries under the terms of a property settlement agreement, as opposed to the claim of Mae Ann French Welker, the deceased’s second wife, who was the named beneficiary and independent executrix of the estate.
The claimants moved for summary judgment granting them all the proceeds of the policy. Franklin’s estate moved for summary judgment to deny the claim altogether or to limit recovery to $5,000. The trial court granted the claimants’ motion. In two grounds of error the estate urges error in granting the claimants’ motion for summary judgment in the full amount of the proceeds and in denying its motion for summary judgment.
We reverse and remand, because we find that an ambiguity exists as to the extent to which the property settlement agreement required Franklin to maintain the claimants as beneficiaries of the policies, and because we find that in no event are the claimants entitled to the full proceeds of the policy.
In a summary judgment case, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises a fact issue with reference to the essential elements of a cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff’s cause of action. Gibbs v. General Motors Corporation, 450 S.W.2d 827, 828 (Tex.1970). See also TEX.R.CIV.P. 166-A. The burden of proof is on the *213 movant and all doubts as to the existence of a genuine issue of material fact are resolved against him. All conflicts in the evidence are disregarded and the evidence which tends to support the position of the party opposing the motion is accepted as true. Farley v. Prudential Insurance Company, 480 S.W.2d 176, 178 (Tex.1972); Goodwin v. Texas General Indem. Co., 657 S.W.2d 156, 159-60 (Tex.App. — Houston [1st Dist.] 1983, writ ref d n.r.e.).
The provisions of rule 166-A are applicable both to plaintiffs and defendants who move for summary judgment. The judgment sought should be granted, and if granted should be affirmed, only if the summary judgment record establishes the movant’s right thereto as a matter of law. Gibbs, 450 S.W.2d at 828. The movant establishes his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex.1979).
Franklin Welker sold State Farm Insurance. At the time of his divorce, he had a group life insurance policy number 1,297,-201 with State Farm. The company later changed the number of the policy to 205-561. Franklin entered into a property settlement agreement and divorced Zelna Welker on June 8, 1970. The settlement agreement listed several insurance policies. Franklin was to remain the owner of this particular policy and continue to pay the premiums on it. With respect to this particular policy, the list provided as follows:
13. One $5,000.00 group term life insurance policy on Respondent’s life with State Farm Life Insurance Company, Petitioner to be beneficiary for a sum not less than $5,000.00 at any time.
The settlement contained the following additional provisions with respect to the listed policies:
It is agreed and understood by and between the parties that title shall remain in all above policies in Respondent, except item No. 3 above which shall vest title in Petitioner and Petitioner agrees to pay all premiums on the policy in item 3 above. The beneficiary shall remain the same on all children’s policies above. Petitioner shall remain the beneficiary on Respondent’s life insurance policies unless Petitioner remarries in which event the children shall become beneficiaries, but in any event the children shall become primary beneficiaries after each child becomes twenty-ne [sic] years of age except in the event a child is in a college or university upon reaching age twenty-one years then the Petitioner shall remain primary beneficiary in trust for the child until the child completes college or university provided Petitioner is still unmarried.
There is a question as to whether the intention was that Franklin be obligated to maintain the claimants as beneficiaries of the entire policy, in an amount not less than $5,000, or whether the intention was to require him to maintain them as beneficiaries only in the amount of $5,000, with the right to name one or more others as beneficiaries in excess of that amount. This ambiguity creates a fact issue, which precludes summary judgment. If the claimants are entitled to be beneficiaries of the entire policy, they have an equitable interest in the insurance proceeds to the extent of the face amount of the policy at the time of the settlement agreement. Hudspeth v. Stoker, 644 S.W.2d 92, 96 (Tex.App. — San Antonio 1982, no writ); Washington v. Hicks, 109 Wis.2d 10, 325 N.W.2d 68, 70 (App.1982); Reeves v. Reeves, 236 Ga. 209, 223 S.E.2d 112, 115 (1976); Madsen v. Estate of Moffitt, 542 P.2d 187, 188 (Utah 1975). There is a fact issue as to the face amount of the policy on June 8, 1970, the date of the divorce and property settlement agreement, because there was summary judgment proof that the face amount of the policy was in excess of $5,000 at the time of the settlement. If the claimants are only entitled to be beneficiaries in the amount of $5,000, their equitable interest is limited to $5,000.
*214 The claimants rely on the cases of Tomlinson v. Lackey, 555 S.W.2d 810 (Tex.Civ. App. — El Paso 1977, no writ) and O’Neill v. Connecticut Mut. Life Ins. Co., 544 S.W.2d 741 (Tex.Civ.App. — Houston [1st Dist.] 1976, writ ref’d n.r.e.). The estate relies on the case of Hudspeth, 644 S.W.2d at 92. None of these cases contains the ambiguous language which is present in this case.
The judgment is reversed and remanded for trial in accordance with this opinion.