Michelle HOLBERT and Adelyne Holbert, Plaintiffs-Appellees,

v.

Theresa A. HOLBERT, Defendant-Appellant.

Court of Appeals of Tennessee, Eastern Section.

July 25, 1986.

Application for Permission to Appeal Denied by Supreme Court Nov. 3, 1986.

Charles J. Gearhiser, Chattanooga, for defendant-appellant.

Tyree B. Harris, Nashville, for plaintiffs-appellees.

## OPINION

GODDARD, Judge.

This case arose as a result of a dispute between Michelle Holbert, daughter of William Holbert, who died on October 16, 1983, on the one hand, and his estate and second wife and widow, Theresa A. Holbert, on the other, over certain insurance policies on the life of Mr. Holbert, one of which he allowed to lapse.

The original suit in the nature of a declaratory judgment was filed by Miss Holbert and her mother, Adelyne Holbert, against the widow, Theresa A. Holbert. There was also filed a claim against the estate of Mr. Holbert for the insurance proceeds as well as alimony and child support, to which exception was made. The cases were consolidated for trial.

The Chancellor found that Miss Holbert was entitled to one-half of the proceeds of the policies in effect at the time of Mr. Holbert's death, and also to one-half of the amount a lapsed policy would have paid had it been continued in force.[1] He directed that this be paid out of the proceeds of the largest policy, a group policy with the University of Tennessee, the proceeds of which were being held in escrow. He also found the claims against the estate were without merit.

The widow appeals contending, principally, that the Court was in error in finding that the daughter was entitled to any proceeds of the policy, and even if she were, payment for the lapsed policy should not have come from insurance proceeds otherwise payable to the widow, but from the estate.

There is relatively little dispute as to the facts, most of which are stipulated. The first Mrs. Holbert and Mr. Holbert were divorced on September 23, 1969. They entered into a property settlement agreement which, as pertinent to the issues raised in this appeal, provides:

10. Mr. Holbert agrees to continue in force his present life insurance and agrees to make one-half of the death benefits payable to each of his children until they reach the age of twenty-one (21) years.

---

1. Because the Chancellor referred the matter of pre-judgment interest to a Master for determination, it is questionable whether this case is appealable as a matter of right. However, if it is not, we are disposed to treat it as an interlocutory appeal and waive all uncomplied-with rules relative to such an appeal.

13. Mr. Holbert agrees to pay and Mrs. Holbert agrees to accept, subject to the approval and order of the Court, the amount of Two Hundred and no/100 ($200.00) Dollars per child per month for the support and maintenance of the children of the parties. Said payments are to continue for each child until each child either marries, discontinues his education and/or takes full-time employment, and/or completes four years of college.

At the time of the divorce Mr. Holbert was carrying the following policies of insurance:

| Policy | Benefits |
|---|---|
| New York Life Insurance Company Policy No. 2–287–575 | $10,000.00 |
| Southland Life Insurance Company Policy No. 695380 | 9,690.00 |
| Southland Life Insurance Company Policy No. 391000 | 5,000.00 |
| University of Tennessee (Provident) Group Policy No. 6288 | 10,000.00 |
| Total: | $34,690.00 |

Mr. Holbert was married within 30 days of the divorce, and shortly thereafter changed the beneficiary of his policies to his wife. The first Mrs. Holbert was advised by her brother, who wrote one of the policies, of the policy change, at least insofar as that policy was concerned, and upon making inquiry of Mr. Holbert she received the following response:

I have not taken the children off any of the policies. If you will give me the number of the policy that is referred to above I will be glad to make sure that they have not been taken off.

Although Mrs. Holbert was informed by her counsel that she could file proceedings against Mr. Holbert, she apparently relied upon Mr. Holbert's statement and did not do so. Neither of their children knew of the change in beneficiary until after Mr. Holbert's death.

Mr. Holbert was killed, as already noted, on October 16, 1983, while piloting an airplane. At the time of his death he had maintained all of the policies heretofore set out except the $5000 Southland policy which had lapsed. The policies in effect paid, and the Southland policy had it been kept in force would have paid the following:

| | |
|---|---|
| New York Life | $ 10,000.00 |
| Southland Policy # 695380 | 4,389.06 [2] |
| Southland Policy # 391000 | 12,850.00 |
| Provident Life & Accident | 155,983.50 |
| Total: | $183,222.56 |

The principal dispute concerns a group policy with Mr. Holbert's employer, the University of Tennessee, which had increased $145,983.50 because of his increasing salary, cash value benefits, and an amendment to the policy which provided an additional coverage for accidental death. The policy originally contained an aviation exclusion, which was not deleted until July 1, 1981.

Mrs. Holbert first contends that receipt by the daughter of some $100,000 [3] awarded by the Chancellor would be inequitable in that she and her brother received substantial property under a trust set up for both children during the lifetime of Mr. Holbert and under his last will and testament. Two answers may be made to this contention: (1) Mr. Holbert was under no compulsion to set up a trust or will any of his assets to his children, and both the trust and the will were made presumably with the knowledge of his commitment under the divorce settlement, which was brought to his attention by his former wife before the will was executed or the trust established, (2) there is no showing as to the extent of Mr. Holbert's estate, and unless we are apprised as to the total value of the estate we are not in a position to say the receipt by the daughter of one-half of the insurance proceeds payable at his death was inequitable.

---

**2.** This figure represents a return of premium because of an exclusion denying benefits if death resulted from piloting an airplane.

**3.** This figure includes interest which accrued in the escrow account.

Secondly, Mrs. Holbert contends (as was found by the Chancellor in determining the agreement to pay child support was merged in the final decree and did not survive the death of Mr. Holbert) that the insurance proceeds were in reality security for child support payments agreed to be made, and at the most in light of the daughter's age and educational status could not exceed $4000, the amount she claimed as support owed by the estate.

More than one answer is also available as to this contention. It hardly seems likely that this contention would be sound in light of the fact that the child support payments and the requirement for making the children beneficiaries under his policies are not co-extensive as to duration—the beneficiary obligation extending only to age 21, while the duty of support is until "each child either marries, discontinues his education and/or takes full-time employment, and/or completes four years of college." Moreover, the clause delineating the duty of child support comes after the clause relative to insurance proceeds, an unlikely sequence if in fact the insurance was to be security for the payment. Finally, if this had been the intent of Mr. Holbert, it would have been a simple matter to have included this language when drafting paragraph 10 of the property settlement agreement.

Mrs. Holbert's next position is that as a matter of law the daughter is only entitled to the policy benefits payable at the time the agreement was made and not to subsequent increases.

We have been cited to six cases on the subject, three of which support the action of the Chancellor [4] and three of which are contended to be contra.[5]

As to the cases said to support Mrs. Holbert's position, the Michigan case is readily distinguishable in that the provision relative to insurance requires the children be made a beneficiary "until his [speaking of the father] obligation to pay child support ... has been completed." Thus, it is clear that the insurance proceeds were tied to support payments. The other two cases clearly are supportive of Mrs. Holbert's position. However, as to the Utah case, we are more impressed by the dissent by the Chief Justice than the majority opinion. In the dissent it is pointed out the deceased was in violation of an order of the Court because he had changed the beneficiary, and if he had not died would have been subject to punishment for contempt.

■ We thus conclude that the better rule is that the children would be entitled to all of the proceeds of insurance policies naturally flowing from their continuation, but not any additional insurance requiring an expenditure on the part of Mr. Holbert. Moreover, we believe that in all doubtful cases the doubt should be resolved against the one who has changed the beneficiary in defiance of a court order.

We recognize that had Mr. Holbert lived another seven months and one day, Mrs. Holbert would be entitled to all of the proceeds. However, we also note that had he died a few years earlier before his son attained his 21st birthday, she would be entitled to nothing.

■ We believe the final issue raised by Mrs. Holbert has merit. Her one-half of the proceeds of the insurance are not subject to payment for the lapsed insurance policy, and that payment should properly come from the estate. We accordingly modify the judgment to that extent.

For the foregoing reasons the judgment of the Trial Court as modified is affirmed and the cause remanded for such further proceedings, if any, as may be necessary. Costs of appeal are adjudged one-half

4. *Newton v. Newton*, 472 P.2d 718 (Colo.App. 1970); *General American Life Insurance Co. v. Rogers*, 539 S.W.2d 693 (Mo.App.1976); *McKissick v. McKissick*, 93 Nev. 139, 560 P.2d 1366 (1977).

5. *Matter of Estate of Monreal*, 126 Mich.App. 60, 337 N.W.2d 312 (1983); *Madsen v. Estate of Moffitt*, 542 P.2d 187 (Utah 1975); *Washington v. Hicks*, 109 Wis.2d 10, 325 N.W.2d 68 (Wis. App.1982).

against Theresa A. Holbert and one-half to Miss Holbert.

SANDERS and FRANKS, JJ., concur.

